Order of designation was duly made in this cause, setting it down for hearing in Elizabeth, on the written application and request of complainant's solicitor, and the written consent of the defendants' solicitors. On the day fixed for hearing the court attended at Elizabeth, but neither side appeared when this case was called. Later complainant's solicitor came into court and explained that he had not known that the case had been set for that day; that he had written to the clerk asking what day had been set but had received no reply. He then asked that a new date be fixed.
It is quite evident that such application cannot be granted in the absence of the other side and the lack of notice to him or consent by him.
This, unfortunately, is not an isolated instance. Similar situations have arisen so frequently that it seems advisable to call the attention of the members of the bar to the pertinent chancery rules (with which it might reasonably be expected all would be familiar), and to certain logical conclusions to be drawn from those rules.
Rule 122 provides that the vice-chancellor to whom a cause has been referred may, on application of either party on five days' notice to the other party, designate a time and place for hearing. It further provides that at the time and place so designated the cause may be heard, on fifteen days' notice by either party to the other. (Rule 112 also provides that fifteen days' notice of hearing shall be given.)
The notice to which a party may be entitled of course can be, and often is, waived by him. Parties frequently come in and try cases without notice of hearing, having been served by either side on the other. But if the defendant (or cross-defendant) does not appear, the complainant (or counter-claimant) cannot have his side of the case heard unless he file proof of service (or waiver) of the notice of hearing.
Likewise, if the complainant (or counter-claimant) fails to appear, the defendant (or cross-defendant) cannot have *Page 336 
the bill dismissed except upon like proof. Rule 123, paragraph 2.
These requirements are so clearly expressed in the rules that one would scarcely deem it possible that any practitioner could make any mistake in regard thereto. Yet Vice-Chancellor Garrison found it expedient to write a short memorandum on the point in 1906 — In re Rule 195, 64 Atl. Rep. 982 — and present-day experience proves that the bar is equally careless to-day. It is perhaps most frequently exemplified in divorce cases where defendant fails to appear at the hearing. Petitioner is not entitled to a report of default under Rule 266A, unless defendant has defaulted — and defendant is not in default unless the notice of hearing has been served.
It has been suggested that where the parties consent to an order of designation, such consent operates as a waiver of notice of hearing; and that the determination of the court of errors and appeals in Buckley v. Perrine, 55 N.J. Eq. 514 (at p. 518) is an adjudication to that effect. No so. In that case, subsequent to the order of designation to which both parties had consented, the court had made a peremptory order, in the presence of both sides, for the trial on the day set.
It is clearly within the province of the court to control the trial of causes; and equally clearly within the power of the court to modify or relax its own rules in a particular case where the parties are not thereby materially prejudiced. The order for peremptory hearing in that case dispensed with, or took the place of, the usual notice of hearing.
But, in the absence of some such special order, or of a waiver of notice of hearing, neither party can be in default at the hearing — so far as concerns the other party — unless the notice of hearing has been served. Clearly the consent to the order of designation does no more than consent to the fixing of the time and place of hearing. It operates as a waiver of notice of application for the order of designation, but does not operate as a waiver of notice of hearing. The party consenting consents that the designation shall be made, *Page 337 
but does not consent that the trial shall be had without the usual notice of trial; his consent leaves him in the same situation he would be in if he failed to appear, after due notice, on the application to fix a day — he would still be entitled to notice of hearing, after the designation was made.
I have said above that a party would not be in default so far as concerns the other party, without service of notice of hearing. But either or both parties may be in default as regards the court. When, at the instance of either or both parties, the court has set a day for the hearing of a cause, it is a default towards the court, if through the negligence of either solicitor the cause is not tried on that day; or if either solicitor fails to notify the court at once when it is ascertained that the cause cannot be tried on that day, or has been settled.
Such a default is particularly serious, where the cause has been set for a place other than that where the vice-chancellor regularly sits, but in any case it is a default, and constitutes, I take it, a contempt. Where the place fixed is away from the regular place of sitting, it occasions an utter waste of the time occupied by the court in traveling back and forth; and in every case it prevents other litigants and counsel from having their cases tried as soon as they otherwise might. These things are so obvious that it seems supererogation to mention them; yet every once in a while solicitors are derelict in regard thereto.
Perhaps in the majority of instances the dereliction arises, as it did in the instant case, through the failure of the solicitor obtaining the designation to realize that it is his duty to inform himself, and his adversary (by notice of hearing, if not otherwise) of the time and place fixed for hearing.
In former times applications for designation were made by solicitors appearing in person. More recently the practice has been sanctioned of permitting solicitors to make such application by letter enclosing a draft of designation in blank with the adversary's consent at the foot.
Such a practice is, of course, of great convenience to out of town solicitors, and if the applications are properly made, *Page 338 
there is no reason why it should not be permitted; but it cannot be countenanced if it is to result in saving the time and trouble of the solicitors at the expense of that of the court. It is surprising how many such applications are made with a mere request to fix a day, without furnishing any of the information pertinent.
Solicitors should in all such cases furnish the court with as full and complete information as would be available if the application were made in person — giving the docket number and page of the case; a brief statement of the nature of the issue to be tried; the estimated time to be required for the trial; any particular dates on which — or periods within which — the case should not be set down and the reasons why; and sending a copy of the order of reference. If request is made for hearing at a place other than the usual place of trial, the reasons for such request should be given, and also a statement of the number of witnesses on each side.
Moreover the solicitors should realize that the designation, when made, cannot be sent to them (Rule 165A), and that the court cannot take up the burden of a correspondence on the matter, nor the responsibility of seeing that the parties are advised of the time and place fixed. It is a simple thing for the solicitor to enclose a carbon copy of the order of designation, and a stamped, addressed return envelope, both of which can be sent in to the clerk by the court with the original order, in which case the clerk completes the copy and mails it back to the solicitor. But it is not the duty of the court to see that the solicitor receives such copy; it is the duty of the solicitor to see that he obtains it, and to follow the matter up with the clerk — in person, if necessary.
The solicitor who sends a blank order of designation to the court thereby places himself under the responsibility to the court of seeing to it that the cause is ready to be tried on such day as may be set, and that responsibility involves his doing whatever is necessary to insure his own prompt knowledge of the day which has been fixed and his due notification to his adversary. He cannot shift that responsibility to the *Page 339 
clerk or anyone else. In the instant case the solicitor, on failing to receive a reply promptly from the clerk, could have come to the clerk's office, or telephoned to some brother solicitor to do so — and that he should have done, so as to avoid the development of the situation which resulted — and which cannot be tolerated.
The application will be denied, and further consideration given to the question of the issuance of an order to show cause for contempt.