Petitioner sued out a writ of habeas corpus against his wife (from whom he was living separate and apart) requiring her to produce their child before this court at Trenton, on Wednesday, March 25th, at ten-thirty A.M. The writ was issued March 20th, and service promptly made by the sheriff.
On the return date neither respondent nor petitioner appeared. Later in the day there came to the court by mail a draft of "order of continuance" (with a letter requesting it to be entered), by which, it appeared, that the respective parties and their respective solicitors had agreed that the writ need not be executed according to its terms, but that the hearing should be had on April 8th, and that this agreement had been made at least one day (probably two days) before. *Page 137 
It is obvious that both parties and both solicitors have been guilty of contempt of court. There was a disobedience by respondent to the writ of this court, in which her solicitor participated, and in which, also, albeit in lesser degree, the petitioner and his solicitor participated by their express agreement and joinder in the arrangement. Cf. In re Rigg,95 N.J. Eq. 341 (at p. 345).
The court is entirely satisfied that no one of the four realized that what they did was a contempt of court. Ignorance of the law, however, is no excuse, even for the layman; still less can it excuse members of the bar whose duty it is to have at least a reasonable knowledge of the law applicable to cases which they undertake.
Clearly disobedience to a writ of habeas corpus is a matter of such seriousness that it cannot be overlooked nor suffered to go unpunished; the consequences which would almost inevitably result from such a course require no statement. The case requires an adjudication of contempt and the imposition of punishment by fine.
In this connection it may well be pointed out that the resort to the writ of habeas corpus in cases involving dispute as to the custody, support and control of children and the rights of access and visitation, is in most instances unnecessary and ought to be discouraged. The procedure by petition and order to show cause is usually all that is required; it is more flexible and under the control of the parties. Pendente lite orders may be made on the case presented by affidavits on the return of the order to show cause, and it is of course within the power of the court to have oral hearings as speedily as in cases commenced by writ of habeas corpus, where the circumstances indicate that it is advisable.
It is seldom that the use of that writ, in such cases, is either necessary or desirable. A solicitor should not resort to it unless he believes it advisable; and his application for the writ is a representation to the court that the circumstances of the case are such in his opinion as to require its issuance. Having obtained the writ upon such representation, *Page 138 
it naturally ill behooves him to prove by his subsequent conduct that the representation was untrue.
It should also be pointed out that while the contempt as to disobedience of the writ was in lesser degree by the solicitor for the petitioner, he was guilty of contempt in another particular.
In obtaining the writ he procured the court to fix a day certain (the return date of the writ) for a hearing, just as much as a solicitor who procures an order of designation for final hearing in an ordinary cause. Having done this, it was a contempt for him to fail to give immediate notice to the court, as soon as he himself knew that (for whatever reason) the case would not be heard on the day fixed.
This was called to the attention of the bar in Nelson v.Wergland, 104 N.J. Eq. 334 (at p. 337), and has been repeated again and again by oral pronouncements in open court, yet the present case is the fourth instance of dereliction in this behalf before me in less than two months; and on the last previous occasion announcement was made that in future, adjudication and fine would follow such offense, since it was evident that such a course was necessary to stop the constantly increasing negligence of solicitors in this behalf.
It is difficult indeed to comprehend the reason for this negligence. The offense is not one arising solely out of the rules and practice of the court, nor peculiar to the administration of the courts. Ordinarily business usage — indeed ordinary social courtesy — requires that when one has made a definite engagement with another and finds that such engagement cannot be, or is not to be, kept, immediate notice thereof should be given. In such instances as the present it is of course not merely a discourtesy and a technical contempt of the dignity of the court, but it is a disregard of the duty under which each solicitor rests, to assist in the expediting of justice — for his default obviously delays or prevents the hearing of other causes. The privilege which the court of chancery accords to solicitors of having a day *Page 139 
certain fixed for the trial of a cause entails a corresponding obligation upon solicitors. If that obligation is not met, the privilege must needs eventually be withdrawn.