## TAKAHASHI *v.* STATE OF MARYLAND

[No. 51, September Term, 1969.]

*Decided December 3, 1969.*

The cause was submitted on brief to HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN and SINGLEY, JJ.

Submitted by *Kenneth K. Takahashi* in proper person.

Submitted by *Francis B. Burch, Attorney General, John J. Garrity, Assistant Attorney General, William A. Linthicum, Jr., State's Attorney for Montgomery County,* and *William M. Cave, Assistant State's Attorney for Montgomery County,* for appellee.

PER CURIAM.

The appeal is from an order of Judge Shure in the Circuit Court for Montgomery County finding the appellant, a member of the Montgomery County Bar, $25.00 (suspended) for failing to appear on the day scheduled

to defend his previously assigned client on charges of assault and battery.

The attorney general moved to dismiss the appeal for failure by the appellant to comply with the direction of Maryland Rule 828 to print in a record extract the material necessary for this Court to have to pass upon the action of the lower court.

Judge Shure found the appellant to have been in direct contempt. In such case Rule P 3 b requires the judge to sign a written order to that effect, which recites the facts known to the court of its own knowledge and the basis for the court's findings as to any facts not so known. *Kandel v. State,* 252 Md. 668. Rule P 3 c provides that the record in cases of direct contempt shall consist of:

"(1) such order of contempt,

(2) any affidavit filed by the defendant,

(3) any affidavit filed by the State's attorney in support of the order of contempt, if the court directed him to investigate or prosecute the contempt, and

(4) any testimony offered."

Judge Shure afforded the appellant the right to show why he should not be punished for contempt and presided, without objection by the appellant, at a hearing held for that purpose, at which testimony was received from the judge's bailiff and a deputy sheriff who had knowledge of the facts and circumstances underlying the appellant's failure to appear at the trial of his accused client, as well as from the appellant himself.

The appellant did not print the order of contempt or any of the testimony. The appeal is subject to dismissal under Rules 835 b 5 and 836 d and will be dismissed.

*Appeal dismissed, costs to be paid by appellant.*