*In re* VENTCHELL.

*In re* LANDIS.

Contempt—Affidavit—Constitutional Law.

> Adjudication of contempt of court and commitment to jail for alleged misconduct in violation of injunction restraining interference with plaintiff's business, not committed in the presence of the court, *held*, a deprivation of liberty without due process of law where court was not presented with an affidavit reciting alleged acts of misconduct and no order to show cause or attachment was issued (3 Comp. Laws 1929, §§ 13912, 13914).

Appeal from Genesee; Black (Edward D.), J. Submitted April 20, 1937. (Docket No. 153, Calendar No. 38,570.) Decided May 21, 1937.

Bill by Flint Hill Brewing Company, a Michigan corporation, against International Brotherhood of Teamsters, Chauffeurs, Stablemen and Helpers, Local No. 332, a voluntary association, and others for an injunction. Louis Ventchell and Arthur Landis review judgment of contempt of court in violating the terms of the injunction by appeal in the nature of certiorari. Order vacated and petitioners discharged.

*Sherman Bean,* for petitioners.

CHANDLER, J. Upon petition of the Flint Hill Brewing Company, a Michigan corporation, a restraining order issued against the International Brotherhood of Teamsters, Chauffeurs, Stablemen

and Helpers, Local No. 332, a voluntary association, and Robert E. Passage and divers persons, whose names are unknown but whose persons are well known, as defendants. The order restrained said defendants from interfering in any manner with persons in the employ of petitioner or persons desiring to enter its employ, by means of threats, personal violence, intimidation, or other means, from boycotting petitioner by distribution of circulars or hand bills, or otherwise, together with many other provisions designed to prohibit interference with the petitioner in lawfully pursuing its business.

The petitioners, herein, were summarily brought before the circuit court and adjudged to be in contempt thereof for violation of said restraining order and committed to the county jail for a period of 30 days each. Said judgment was imposed without the presentation to the court of an affidavit reciting the alleged acts of misconduct, without order to show cause or without attachment having been issued. Petitioners seek to review the proceedings by certiorari.

The alleged violation of the restraining order was not committed in the immediate view and presence of the court and therefore 3 Comp. Laws 1929, § 13911, is inapplicable.

Sections 13912 and 13914, 3 Comp. Laws 1929, are respectively as follows:

"When such misconduct is not so committed, the court shall be satisfied by due proof, by affidavit of the facts charged, and shall cause a copy of such affidavit to be served on the party accused, a reasonable time to enable him to make his defense, except in cases of disobedience to any rule or order requiring the payment of money, and of disobedience to any subpœna."

"In all cases, other than that specified in the last section, the court shall either grant an order on the accused party, to show cause at some reasonable time, to be therein specified, why he should not be punished for the alleged misconduct, or shall issue an attachment to arrest such party, and to bring him before such court, to answer for such misconduct."

Section 13912, as quoted, provides the foundation for punishment for contempts not committed within the immediate view and presence of the court. Proof of the alleged misconduct must be submitted by affidavit. The court, upon being satisfied from said affidavit of the commission of the misconduct, may thereupon issue an order for the accused to show cause why he should not be punished therefor, or issue an attachment to arrest the accused. 3 Comp. Laws 1929, § 13914.

In the instant case there was a total absence of compliance with the statutory provisions. The requirement that an affidavit be presented setting forth the alleged misconduct was ignored. Neither was an order to show cause nor an attachment to arrest issued. Under the facts it must be held that petitioners were deprived of their liberty without due process of law. *In re Wood,* 82 Mich. 75; *In re Smilay,* 235 Mich. 151.

The order of contempt is set aside and vacated and petitioners discharged.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Sharpe, and Potter, JJ., concurred.