RANDALL *v.* GENESEE CIRCUIT JUDGE.

1. INJUNCTION—CONTEMPT—AFFIDAVITS.
   The trial judge is entitled to rely on facts stated in a deputy sheriff's affidavit supporting prosecuting attorney's petition citing defendant in nuisance abatement proceedings for contempt of court for violating temporary injunction abating a nuisance (CL 1948, § 692.251 *et seq.,* as amended by PA 1951, No 80).

2. CONTEMPT—EVIDENCE—HEARSAY.
   An order finding a person guilty of contempt of court may not properly be based on hearsay testimony.

3. STATUTES—CONSTRUCTION—CONTEMPT—ABATEMENT OF NUISANCE.
   The legislature is assumed to have contemplated the recognition of the rule established and followed under the general law as to contempt of court when it included provisions setting forth procedure for holding persons in contempt of court for violation of temporary injunction in statute relating to abatement of nuisance, hence commitment for contempt may not be based on hearsay (CL 1948, § 692.251 *et seq.,* as amended by PA 1951, No 80).

4. NUISANCE — ABATEMENT — INJUNCTION — ATTACHMENT FOR CONTEMPT—EVIDENCE—AFFIDAVIT—HEARSAY.
   Showing made as to guilt of defendant in nuisance abatement proceeding *held,* sufficient to justify issuance of writ of attachment, where affidavit of deputy sheriff stated that he had visited the premises at 4 o'clock in the morning and observed several people drinking intoxicating liquor, some intoxicating liquor was confiscated, people present were arrested, subsequently charged with being disorderly persons by knowingly loitering in a house in which the illegal sale of liquor, prostitution, and gambling were carried on and 21 of them pleaded guilty to such charges, notwithstanding affidavit also set forth

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 12 Am Jur, Contempt § 74.
[4] 30 Am Jur, Intoxicating Liquors § 482 *et seq.*
[6] 12 Am Jur, Continuances §§ 5, 23.

other information which the officer admittedly acquired from others (CL 1948, § 692.251 *et seq.*, as amended by PA 1951, No 80).

5. SAME—TEMPORARY INJUNCTION—CONTEMPT—ATTACHMENT—AFFIDAVIT—EVIDENCE.

Defendant in suit to abate a nuisance which had been properly alleged in bill of complaint, who was served with the temporary injunction issued thereupon and who was subsequently served with an attachment for violation of the injunction was properly found guilty of contempt of court, where the sworn petition of the prosecuting attorney and the supporting affidavit of the deputy sheriff were sufficient to authorize the issuance of the writ and evidence produced at the hearing was sufficient to establish guilt (CL 1948, § 692.251 *et seq.*, as amended by PA 1951, No 80).

6. SAME—ABATEMENT—INJUNCTION—ATTACHMENT—CONTINUANCE—DUE PROCESS.

Denial of further continuance of hearing on writ of attachment in proceeding to hold defendant in nuisance abatement suit guilty of contempt did not result in a denial of due process of law, where 3-day hearing followed a week's adjournment fixed by agreement of counsel and no showing was made, at the time, with reference to particular testimony, or other proofs, that counsel desired to offer and it does not appear that defendant was prevented, because of lack of time, from producing any material witness in her behalf.

Certiorari by Jeanette Randall to review conviction and sentence for contempt of court imposed by Genesee Circuit Judge. Submitted February 25, 1953. (Calendar No. 45,233.) Writ dismissed April 13, 1953.

*Elza H. Papp* (*Wade D. Withey,* of counsel), for plaintiff.

*Chester R. Schwesinger,* Prosecuting Attorney, for defendant.

CARR, J. Following a hearing in the trial court it was determined that the petitioner Jeanette Randall

had violated an injunction issued by the court in a pending proceeding. She was accordingly adjudged guilty of contempt and sentence was imposed. Thereupon she petitioned this Court for an order admitting her to bail pending submission and determination of an application for writs of habeas corpus and certiorari. The petition was granted, bail was furnished, and petitioner was released under bond. Subsequently, on application, a writ of certiorari was issued to review the conviction and sentence. Return to the writ has been duly made, and the matter is now before us for determination.

The record before us discloses, in substance, the following situation: On June 29, 1951, the prosecuting attorney of Genesee county, on behalf of the people of the State, instituted an action in the circuit court against petitioner herein, alleging that she was the owner of certain premises described as 1602 Elm street in the city of Flint which premises were occupied and used for the unlawful selling and furnishing of intoxicating liquor, and for use by disorderly persons, and that as a result the premises and the furniture and fixtures therein constituted a nuisance, in violation of the pertinent statutes of the State. On the filing of the bill of complaint a temporary injunction issued restraining Mrs. Randall from maintaining or permitting the continuance of the nuisance alleged in the bill pending the further order of the court, which injunction was duly served. Subsequently she filed her answer in the cause, admitting the ownership of the premises described, and denying the existence of the claimed nuisance.

On or about the 23d of July, 1951, the prosecuting attorney filed a petition in the case reciting the bringing of the action, the issuance of the writ of injunction, and the service of said writ on Mrs.

Randall. The petition further averred that the
latter had violated the injunction and had persisted
in maintaining and permitting the continuance of
the nuisance. Said petition was duly sworn to and
was supported by an affidavit of a deputy sheriff of
the county. Thereupon the court issued an attach-
ment for the apprehension of Mrs. Randall and to
bring her before the court to answer the charge
against her. The attachment was served, and on the
24th of July Mrs. Randall and her attorney appeared
before the circuit judge. A hearing was demanded
and was set, by agreement of all parties, for July
31st. On the latter date Mrs. Randall was again in
court with her counsel and submitted a motion to
set aside the writ of attachment on the ground that
the petition of the prosecuting attorney and the sup-
porting affidavit were insufficient to confer jurisdic-
tion on the court to issue the writ. Following a
somewhat extended argument of the matter the
motion was denied. Counsel for Mrs. Randall then
asked for a continuance to enable her to prepare
more fully for the hearing. This request was denied.
Testimony of several witnesses was taken, the hear-
ing being completed on August 2d. The court found
from the proofs that Mrs. Randall had wilfully and
deliberately violated the injunction and was, in con-
sequence, guilty of contempt of court. Sentence was
imposed in accordance with the pertinent statute
(CL 1948, § 692.261 [Stat Ann § 18.911]).

On behalf of petitioner it is urged that the trial
court was in error in refusing to quash the writ of
attachment, that the showing made was not sufficient
to authorize or justify the issuance of the writ, and
that in consequence the conviction and sentence
should be set aside and petitioner discharged. The
action instituted by the prosecuting attorney was
based on the provisions of PA 1925, No 389, as

amended,* the general purpose of which was considered by this Court in *People, ex rel. Wayne Prosecuting Attorney,* v. *Sill,* 310 Mich 570.   No claim is made on behalf of petitioner here that the action was not properly based or that the injunction issued by the court on the filing of the bill was not authorized by the statute.   Provisions with reference to the punishment of contempts under the act are set forth in section 11 thereof (CL 1948, § 692.261 [Stat Ann § 18.911]) which reads as follows:

"In case of the violation of any order or injunction granted under the provisions of this act, the court may summarily try and punish the offender as for contempt, and the person so offending shall be punished by a fine of not more than 1,000 dollars, or by imprisonment in the county jail not more than 6 months, or by both fine and imprisonment, in the discretion of the court.   Such violation shall be charged by a petition supported by affidavit, and the court, if satisfied of the sufficiency thereof, shall. immediately issue an attachment to arrest such offender and to bring him before such court to answer for such misconduct.   The court may, in its discretion, permit such person so arrested to give bail and fix the amount thereof pending hearing of the matters charged in such petition."

It is urged on behalf of petitioner that the showing made by the petition of the prosecuting attorney and the supporting affidavit of the deputy sheriff was insufficient to constitute compliance with the requirement of the statute, and that the trial court erred in finding "sufficiency."   As before noted, the petition asserted the fact of violation without specifying details.   Reference was made to the supporting affidavit which set forth that the officer making it had entered the premises at 1602 Elm street in the city

---

* CL 1948, § 692.251 *et seq.,* as amended by PA 1951, No 80 (Stat Ann and Stat Ann 1951 Cum Supp § 18.901 *et seq.*).

of Flint at 4 o'clock in the morning of July 22, 1951, that he observed several people sitting at tables and drinking intoxicating liquors, that he discovered a half pint bottle of whiskey on the premises, together with several cans of beer, that the liquor was confiscated, that the people present were placed under arrest, and that they were subsequently charged with being disorderly persons by knowingly loitering in a house in which the illegal sale of liquor, prostitution, and gambling were carried on. The affidavit stated that such persons, 21 in number, pleaded guilty in the municipal court of the city of Flint to the charges against them.

The affidavit further set forth that the officer took statements from some of the persons arrested, and was informed that beer and whiskey were being sold in the premises, that petitioner had taken an order for beer from one of the patrons immediately prior to the raid, and that liquor had been consumed on said premises just prior to the officer's entry. It also appears from the affidavit that the officer was informed by some of the patrons present that a poker game was in operation upstairs at the time of his entry, and that acts of prostitution had occurred in the place.

In determining the sufficiency of the showing made the trial judge was entitled to rely on the facts stated and, also, to draw legitimate inferences therefrom. *Montgomery* v. *Muskegon Circuit Judge,* 100 Mich 436, 441. It does not affirmatively appear from the record that the statements in the affidavit with reference to information that the officer received from third parties were considered. It is quite possible that the circuit judge concluded that the facts alleged on the basis of the actual knowledge of the affiant were sufficient to authorize the issuance of the writ.

This Court has recognized in *Montgomery* v. *Muskegon Circuit Judge, supra; Campbell* v. *Judge of Recorder's Court,* 244 Mich 165, and other decisions as well, that in proceedings under the general contempt statute\* of the State action of the nature here involved may not properly be predicated on hearsay.   We think the same rule must apply to contempt proceedings under the special statute relating to the abatement of certain places declared to be nuisances.   In the enactment of such statute it must be assumed, in the absence of provision to the contrary, that the legislature contemplated the recognition of the rule established and followed under the general law.

The statements in the affidavit of the officer, based on actual knowledge of the affiant, were sufficient to justify the court in issuing the writ of attachment. It is quite possible that, in fact, the hearsay was disregarded, and the general rule applicable in cases of this character followed.   Limiting the inquiry to the facts within the knowledge of the affiant, as shown by the affidavit, it may not be said that there was "a total absence of a showing of facts" justifying the issuance of the writ.   *Montgomery* v. *Muskegon Circuit Judge, supra,* p 441.

A proceeding analogous to the case at bar was before the supreme court of North Dakota in *State* v. *Simpson,* 78 ND 360 (49 NW2d 777).   There the defendant Simpson was adjudged guilty of a criminal contempt for violating a temporary injunction restraining her from maintaining a bawdy house. The application for an order requiring defendant to show cause why she should not be adjudged guilty of contempt was made by the attorney for the State who alleged in his affidavit the issuance of the injunction, its violation, that an inmate of the place

---

\* See CL 1948, § 605.1 *et seq.* (Stat Ann § 27.511 *et seq.*).—Reporter.

had pleaded guilty to a prostitution charge, and that defendant had been tried and convicted on a charge of maintaining a house of prostitution in the premises in question. It was contended on behalf of defendant that the affidavit was insufficient. In rejecting such contention, it was said:

"A careful consideration of the affidavits show that they fulfilled the requirements of the statute and rules. The defendant was made fully aware of the charges she would have to answer. These matters were all ruled upon by the district judge adversely to the defendant's contention. He was fully justified in so doing."

In the instant case the bill of complaint alleged the maintenance of a nuisance in premises owned by petitioner in this proceeding, that intoxicating liquors were there stored, sold and furnished in violation of the law, and that such premises were used by and kept for the use of disorderly persons. That a cause of action for equitable relief under the statute was alleged is not questioned. The injunction was issued to restrain the maintenance and continuance of said nuisance. It was served on Mrs. Randall. The affidavit in support of the prosecuting attorney's petition for a writ of attachment set forth facts clearly indicating a violation by her of the injunction. No claim is made that when she appeared before the court on July 24, 1951, she did not fully understand the charges against her. The testimony taken during the 3 days on which the hearing was conducted clearly supported the charges based on the averments of actual facts within the knowledge of the officer making the affidavit. The trial court was fully justified in determining that the showing made by the sworn petition of the prosecuting attorney and the supporting affidavit of the deputy sheriff was sufficient to authorize the issuance of the writ.

No claim is made in the case that the evidence produced on the hearing was insufficient to establish guilt.

It is urged by petitioner that the refusal of the trial judge to grant a further continuance of the hearing following the denial of the motion to set aside the writ of attachment was in violation of provisions of State and Federal Constitutions relating to due process of law.* The record before us indicates that the claim is without merit. At the time petitioner was brought before the court under the writ, a date for hearing was fixed by agreement between counsel and the circuit judge. Instead of preparing for the hearing, the motion to set aside the writ was submitted.

The trial judge did not err in refusing a further adjournment. No showing was made, at the time, with reference to particular testimony, or other proofs, that counsel desired to offer. The hearing continued for 3 days. Witnesses were sworn and examined on behalf of petitioner. There is no showing that she was prevented, because of lack of time, from producing any material witness in her behalf. Under the circumstances it may not be said that the trial judge abused his discretion in denying the request for a postponement of the hearing in order to give counsel for petitioner further time to prepare. There was no denial of due process of law.

An order will enter dismissing the writ of certiorari and remanding the proceeding to the trial court for execution of sentence.

DETHMERS, C. J., and ADAMS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

---

* Mich Const 1908, art 2, § 16; US Const, am 14.—REPORTER.