**UNITED STATES of America**
v.
**ANONYMOUS.**
**Crim. No. 6644.**

United States District Court
E. D. Tennessee,
Northeastern Division.
March 13, 1963.

J. H. Reddy, U. S. Atty., and David Smith, Asst. U. S. Atty., Chattanooga, Tenn., for plaintiff.

Defendant pro se.

NEESE, District Judge.

The defendant in this action, hereinafter called the petitioner for clarity, is a member of the bar of this court. He seeks a suspension of all or part of the fine of $50.00 imposed on him by the Court for a criminal contempt.

The petitioner was appointed by the Court to represent one Willie T. Laney, purportedly an indigent defendant, in a criminal action. Before the Court would entertain any plea from Laney, he was referred for a mental examination. Thereafter the defendant Laney was granted permission to withdraw his affidavit of indigency and retain counsel of his own choosing. He then retained the petitioner who was re-entered as the defendant's sole counsel of record. Laney entered a plea of not guilty on arraignment. With the petitioner's consent, his case was reassigned for trial to commence at 10:00 o'clock, a. m., February 7, 1963.

Shortly before the time for trial, the Court was advised that the petitioner had contacted the clerk by telephone about two o'clock that morning advising that a building in which petitioner owned an interest, housing a business establishment in which petitioner was an operating partner, was then afire; that the heat was so intense that firemen were unable to reach and check the condition of a safe within the building which contained negotiable instruments vital to petitioner's future fiscal situation; and that petitioner was undertaking to arrange for substitute counsel to appear at the trial and represent the defendant Laney. The Court immediately directed the clerk to advise petitioner by telephone that his superior obligation was to his client and the court, and that he was expected to appear as scheduled at which time the Court would consider any motion for continuance or other relief presented. The petitioner's secretary was reached about

one-half hour before trial time and said secretary stated that petitioner was en route to court in Greeneville.

One hour afterward, and 30 minutes after the scheduled time of trial, when the defendant Laney, witnesses, members of the jury panel and others concerned with the litigation were present, petitioner still had not appeared. Another call was then made to the petitioner's office in a nearby city. Petitioner's secretary thereupon corrected her former announcement, stating that petitioner might not be en route to Greeneville and that she was undertaking to contact him at the scene of the fire. Following a further delay, the Court was advised that another member of the bar of this court had made his appearance in the courtroom for the purpose of representing the defendant Laney. Court was opened immediately, and counsel requested a conference outside the hearing of the prospective jurors.

In chambers conference, substitute counsel announced that he had been engaged by petitioner in the early morning hours to represent the defendant Laney; that he had been under the mistaken impression that the action was pending in a state court; that he had been searching the local county courthouse for the situs of trial since before 10 a. m.; that he had finally discovered the defendant Laney in the federal courtroom; that the defendant Laney had stated that he desired only the counsel he, himself, had chosen and retained to represent him at every stage of the proceeding against him; and, under all those circumstances, he had no choice but to move the Court for a continuance of the action. (It does not appear that petitioner made any effort to contact his client, the defendant Laney, to obtain his agreement to the attempted substitution of counsel.)

For reasons already assigned in the Court's certificate of petitioner's summary contempt, the motion for continuance was granted for 24 hours; the clerk was directed to so notify the petitioner; and the prosecuting attorney was directed to prepare a citation of petitioner for a criminal contempt. Petitioner appeared the following morning as directed. In a two-day trial the defendant Laney was acquitted by a jury.

It is only fair to state at the very outset that this Court would find it extremely difficult to believe that this petitioner would ever commit a premeditated contempt of this court. His record at this bar negates that conclusion. Such, however, is not the issue.

The right of courts to conduct their business in an untrammeled way lies at the foundation of our system of government. Courts necessarily possess the means for punishing for contempt when any conduct tends directly to prevent the orderly discharge of judicial functions. Wood v. Georgia (1962), 370 U.S. 375, 383, 82 S.Ct. 1364 and 8 L.Ed. 2d 569. Incident to the enforcement of this broader responsibility, courts have disciplinary powers over members of the bar. 18 U.S.C. § 401; Cohen v. Hurley (1961), 366 U.S. 117, 81 S.Ct. 954, 6 L.Ed.2d 156, 162. Lawyers are officers of the court and the courts have a duty to supervise their conduct. Saier v. State Bar of Michigan, C.A.6th (1961), 293 F.2d 756, 760, certiorari denied 368 U.S. 947, 82 S.Ct. 388, 7 L.Ed.2d 343. Courts are required mandatorily to exercise this duty to preserve judicial decorum and to enforce the respectability of the legal profession. Ex parte Burr, 22 U.S. 529, 9 Wheat. 529, 6 L. Ed. 152. Lawyers have a duty, not only to their clients, but to the courts, to attend court sessions punctually. Rule 3, Revised Rules of the United States District Court for the Eastern District of Tennessee; Canons of Professional Ethics, American Bar Association, canon 21. Attorneys must not allow their private interests to conflict with those of their clients. See In re Rempfer, 51 S.D. 393, 216 N.W. 355, 55 A.L.R. 1346. They owe their entire devotion to the interests of their clients. Canons, supra, canon 15.

"To have the assistance of counsel for his defense" is a guaranty ex-

tended to every defendant by the Sixth Amendment. This, in most situations, includes the defendant's right to counsel of his own choosing. United States v. Bergamo, C.C.A.3rd (1946), 154 F.2d 31. A lawyer may not relieve himself of an unfinished representation to the detriment of his client except for reasons of honor or self-respect. Canons, supra, canon 44. Even the desire or consent of the client is not always excusing.

■■ Criminal trials cannot proceed unless the constitutional guaranties of the defendant are fully met, and the petitioner's forgetfulness of his duty to the court and his client demonstrates his contempt. United States v. Ford, D.C. Mont. (1925), 9 F.2d 990. An unnecessary burden was thereby placed on the federal treasury, and inconvenience was caused many also ordered to be present and who were in their appointed places at the proper time.

The Court appreciates the great burden on petitioner as a result of the damage to his private estate occasioned by the fire. This goes in mitigation of the offense; the petitioner, understandably, was not thinking clearly. But the Court is unable to conclude that petitioner was rendered "physically unable" to appear as scheduled, at least for the purpose of seeking a continuance on the ground that he had been rendered incapable of doing his best for his client. Neither does the Court find that the petitioner acted very efficiently in advising counsel he undertook to substitute of the physical details of the scheduled trial. Certainly, above all, he should have obtained his client's acquiescence in the substitution.

The Court cannot, and does not, excuse the petitioner's momentary lapse with regard to the prior claim his client had upon him, even when the petitioner was threatened with great private loss. At the same time, this is mitigating.

On submission by petitioner within ten (10) days of an appropriate order, the punishment imposed will be reduced to a fine of $25.00 and costs.