### KANDEL *v.* STATE OF MARYLAND

[No. 145, September Term, 1968.]

---

4. See note 3.

*Decided March 12, 1969.*

The cause was submitted on brief to HAMMOND, C. J., and MARBURY, BARNES, MCWILLIAMS and FINAN, JJ.

Submitted by *G. Denmead LeViness* for appellant.

Submitted by *Francis M. Burch, Attorney General, William E. Brannan, Assistant Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County* and *John J. Lucas, Assistant State's Attorney for Baltimore County* for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

Nelson R. Kandel, of the Maryland Bar, appeals from an order of Judge Turnbull of the Circuit Court for Baltimore County finding him in contempt for failing punctually to appear at the trial of an accused whom he represented, and imposing a fine of $150.00. This was done orally on May 27, 1968, the day of trial, and was followed by a written order dated May 27 but signed by Judge Turnbull on November 5, and filed November 18, reading as follows:

"It is this 27th day of May, 1968, by the Circuit Court for Baltimore County
"O R D E R E D that Nelson R. Kandel, Esquire, be

and he is hereby punished for contempt and fined One Hundred and Fifty Dollars ($150.00).

"The facts known to the Court on its own knowledge are that Mr. Kandel had been late for trial on at least one prior occasion in this Court, had been warned by me not to let it happen again, and appeared at approximately 1:00 p.m. to try a case which was scheduled for trial at 10:00 a.m., and in which prosecuting witnesses had traveled to Towson from New York. Mr. Kandel admitted that he had previously been warned and not only the Court, but all the parties and witnesses were greatly inconvenienced.

"The Court finds as a fact that the Assistant State's Attorney notified Mr. Kandel's office within the week prior to trial that the case was set for trial on May 27, 1968; that Mr. Kandel had been employed by the Defendant about a month before the trial, but he had not entered his appearance properly; that he knew or should have known of the trial date; and that there was no valid reason or excuse for his not appearing in this Court at the time scheduled for trial."

Mr. Kandel urges upon us that Judge Turnbull's actions were not only arbitrary and unjustified but an invalid affront to the requirements of Maryland Rule P3 b, which provides that when a direct contempt is committed the judge shall sign and cause to be entered of record a written order to that effect which shall state the facts that were known to the court of its own knowledge and the basis for the court's finding with respect to any facts not so known.

We find that Mr. Kandel was not prejudiced by the delayed compliance with Rule P3 b. The purpose of the Rule "is to enable the appellate court to determine, by an inspection of the record, whether a contempt has in fact been committed or whether the court had jurisdiction to punish it," as the editor's note to the Rule in the Code puts it. The appellant's record extract (which also was filed late) reveals the facts recited in the order signed November 5, and the record enabled us to decide whether a contempt was committed and whether Judge Turnbull had jurisdiction to punish it.

We find further that Judge Turnbull was neither arbitrary nor unjustified in finding Mr. Kandel in contempt and fining him. The grounds for a finding of direct contempt are set forth in Code (1966 Repl. Vol.), Art. 26, § 4:

> "The power of the several courts of the State to issue attachments and inflict summary punishments for contempt of courts shall not be construed to extend to any cases except the following: (1) The misbehavior of any person or persons in the presence of the said courts, or so near thereto as to obstruct the administration of justice; (2) the misbehavior of any officers of the said courts in their official transactions; (3) the disobedience or resistance by any officer of the said courts, party, juror, witness or any other person or persons to any lawful writ, process, order, rule, decree or command of the said courts * * *."

Unjustified failure of an attorney to appear in court on time is at least misbehavior on the part of an officer of the court as Canon 21 of the Canons of Professional Ethics, Maryland Bar Association (Maryland Lawyers' Manual, 1969 Ed., p. 22) shows. See *Nelson v. Wergland* (N. J. Ch.), 146 A. 32. Our holding in *Weaver v. State,* 244 Md. 640, indicated that failure to appear in court in violation of an oral order was contemptuous on its face. See *United States v. Anonymous* (E. D. Tenn.), 215 F. Supp. 111; *In re Shorter* (D. C. Cir.), 236 A. 2d 318; *In re Saul* (Mun. Ct. App. D. C.), 171 A. 2d 751; *Lyons v. Super. Ct. for Los Angeles County* (Cal.), 278 P. 2d 681, *cert. denied* 350 U. S. 876; Annot. "Attorney-Court Attendance-Contempt," 97 A.L.R.2d 431, and cases cited therein. In the words of the annotator (p. 438), even if there are mitigating circumstances:

> "* * * an attorney's failure to attend court at the time appointed when he has a duty or obligation to be present may amount to, and be punishable as, contempt * * *. In none of the cases decided by the American courts * * * has any court so much as intimated a contrary view."

Since lateness of an attorney is misbehavior of an officer of the court, the guilty one may be punished summarily under § 4 of Art. 26 of the Code. See 97 A.L.R.2d 457, *et seq.*

In passing on disciplinary action taken by a trial judge, appellate courts in various jurisdictions have taken the view that they will not weigh the evidence but only assess its sufficiency. *Chula v. Super. Ct. for Orange County,* 18 Cal. Rptr. 507, 510, 368 P. 2d 107; *In re McHugh* (Mich.), 116 N. W. 459, 461; *Appeal of Levine* (Pa.), 95 A. 2d 222, 226, *cert. denied* 346 U. S. 858. Adopting this approach, we find that the facts on which Judge Turnbull relied made his action an exercise of sound discretion.

Appellant clearly was not denied due process. He was given the opportunity at the time the fine was imposed to present exculpatory reasons for his tardiness, and attempted to do so. *People v. Westbrooks,* 242 Ill. App. 338; *Arthur v. Super. Ct. of Los Angeles County,* 42 Cal. Rptr. 441, 445, 398 P. 2d 777. He did not avail himself of the right he had under Rule P3 c to supplement the record by affidavits, and although he could have filed for modification of the decree or order under Code (1966 Repl. Vol.), Art. 26, § 5, he did not do so.

Judge Turnbull found that Mr. Kandel's reasons for being late, even if accepted at face value, did not excuse his absence. We agree.

*Order affirmed, with costs.*