PETRUCCI *v.* PETRUCCI

1. Contempt—Contempt Outside Court—Show-Cause Hearing.

   A person may be found guilty of contempt outside the presence of the court only upon a show-cause hearing preceded by an affidavit (MCLA § 600.1711; GCR 1963, 760.1).

2. Contempt—Contempt Outside Court—Show-Cause Hearing—Adjourned Hearing.

   Contempt citation for violation of court orders was properly entered even though no show-cause hearing was held on the day the contemnor was adjudged in contempt where the hearing at which the contemnor was adjudged in contempt was a continuation of a previous show-cause hearing, held two weeks earlier, which had been adjourned, the court could have held plaintiff in contempt upon the proofs presented at the earlier adjourned hearing, and where the contemnor was on probation for a contempt conviction of the same court orders.

Appeal from Wayne, Thomas Roumell, J. Submitted Division 1 June 17, 1971, at Detroit. (Docket No. 11635.) Decided July 29, 1971.

Carolyn Petrucci, plaintiff, was adjudged in contempt of court for violating court orders, entered pursuant to a divorce judgment, governing visitation rights of defendant. Plaintiff appeals. Affirmed.

*Joseph W. Louisell, Jr.,* for plaintiff.

*Meyer D. Stein,* for defendant.

---

Reference for Points in Headnotes

[1, 2] 17 Am Jur 2d, Contempt §§ 84–94.

Before: T. M. BURNS, P. J., and HOLBROOK and
McGREGOR, JJ.

PER CURIAM. The parties hereto were divorced
on February 10, 1969, and that judgment was modi-
fied pursuant to proper motions by order dated
October 15, 1970. Also by order dated October 15,
1970, plaintiff was found guilty of contempt of court
and was placed on probation for a period of two
years. The custody struggle has gone on now for
some two years. It appears that petitions for show
causes have been filed against plaintiff at least twice
for violations of court orders. The latest of these
petitions was filed on March 22, 1971, and pursuant
thereto, the court ordered plaintiff to appear on
April 16, 1971, to show cause why she should not be
"punished for contempt for refusing and neglecting
to obey the orders and judgment of this court".

Prior to this time both parties had filed petitions
to modify the judgment of divorce as it related to
custody and visitation rights. These petitions were
scheduled to be heard on April 2, 1971. At this
hearing the court placed the children in the Christ
Child Home and ordered psychiatric examinations
for both parents. Also at this hearing the court
ordered that the previously mentioned show-cause
hearing originally scheduled for April 16 would be
heard on April 13, 1971. The court further ordered
that the hearing on the petitions would be adjourned
and heard on the same date. At the end of the
hearing on April 13, 1971, the court did not rule on
the petitions for change in custody and visitation
rights stating that it wanted to wait at least another
week or two because the children were becoming
acclimated to their new environment and the court
did not want to disturb the situation by a change in
custody or visitation rights. The court also chose

not to rule on the contempt of court matter at the time.

Subsequent to the April 13, 1971, hearing, information came to the court that the plaintiff was violating its orders as to communication with the children at the Christ Child Home. The court called plaintiff's counsel on the telephone and told him to have his client in court on the afternoon of April 28, 1971. He also indicated at that time that there was a strong possibility that plaintiff could be held in contempt. Both parties and their counsel appeared, argument was had, and plaintiff was found guilty of contempt of court.

Plaintiff contends that the proceedings should have been commenced by affidavit and followed by a show-cause hearing. Since this was not done, it is contended that the circuit court lacked jurisdiction to hold plaintiff in contempt of court. *In re Henry* (1970), 25 Mich App 45. MCLA § 600.1711 (Stat Ann 1962 Rev § 27A.1711) and GCR 1963, 760.1 provide that a person may be found guilty of contempt outside the presence of the court only upon a show-cause hearing preceded by an affidavit. Defendant's contention that all defects were waived is improper as a timely challenge was made to the jurisdiction of the court. *In re Henry, supra.*

The question really reduces itself to whether the April 28, 1971, proceedings were entirely new proceedings and hence beyond the jurisdiction of the court, or whether they were a continuation of the preceding hearings of April 2 and April 13, 1971. We conclude that from a review of the record that the court could have held plaintiff in contempt of court upon the proofs presented at the April 13, 1971, hearing.

A reading of the record convinces us that as no decision was reached by the court on April 13, 1971,

the matter was taken under advisement and the subsequent April 28, 1971, proceedings were a continuation thereof. Further, plaintiff was still on probation for her previous conviction of contempt. The circuit court, then, did have jurisdiction.

Plaintiff next contends that her conviction was based solely on hearsay evidence. As noted above, the contempt was not based solely on the telephone calls and other conduct of the plaintiff following the April 2 and April 13, 1971, hearings. While this conduct may have been shown by hearsay evidence, there was sufficient other evidence to support a finding of contempt.

Affirmed.