*In re* CONTEMPT OF McRIPLEY

(PEOPLE v GARDNER)

Docket No. 149254. Submitted September 8, 1993, at Grand Rapids. Decided March 21, 1994, at 10:15 A.M.

G. Whitney McRipley, trial counsel for criminal defendant Alvin L. Gardner, was held in civil contempt without benefit of a hearing by the Calhoun Circuit Court, James C. Kingsley, J., after McRipley failed to appear for Gardner's jury trial. The court also ordered McRipley to pay costs associated with calling in the jury and paying the jurors for their mileage. McRipley appealed.

The Court of Appeals *held:*

1. An attorney's failure to appear in court for a scheduled trial constitutes contempt that is committed outside the immediate presence of the court and is subject to punishment under the procedures set forth in MCR 3.606. The court rule requires the filing of an ex parte motion, supported by affidavits showing the facts on which the contempt charge is based, as well as a show-cause hearing at which the alleged contemnor is given an opportunity to defend his conduct. Remand is required for further proceedings consistent with the court rule.

2. If on remand McRipley is again found in contempt, he may be assessed costs to indemnify the county for expenses associated with the jury, as permitted by MCL 600.1721; MSA 27A.1721, in addition to any other penalties that may be lawfully imposed.

Remanded.

Contempt — Civil Contempt — Attorneys' Failure to Appear for Trial.

An attorney who fails to appear for a trial scheduled for a client is entitled to a hearing before an order of contempt is entered for failure to appear (MCR 3.606).

REFERENCES

Am Jur 2d, Attorneys at Law §§ 41, 46; Contempt § 90.

Attorney's failure to attend court, or tardiness, as contempt. 13 ALR4th 122.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Jon R. Sahli,* Prosecuting Attorney, and *Michael L. Jaconette,* Assistant Prosecuting Attorney, for the people.

G. Whitney McRipley, in propria persona.

Before: MURPHY, P.J., and MACKENZIE and GRIFFIN, JJ.

MACKENZIE, J. Appellant G. Whitney McRipley, criminal defendant Alvin Gardner's defense counsel, appeals as of right from a circuit court order finding appellant in contempt of court and assessing costs of $507.69. We remand.

Gardner was bound over to the Calhoun Circuit Court on September 10, 1991, on a charge of possession with intent to deliver less than fifty grams of cocaine. At that time, he was represented by defense counsel Susan Mladenoff. On December 17, 1991, the circuit court entered an order substituting appellant as defense counsel. The order was filed the following day.

On December 20, the court clerk mailed to attorney Mladenoff a notice that a pretrial status hearing would be held in the Gardner case on January 3, 1992. Also on December 20, the court mailed to Mladenoff a schedule of criminal jury trials showing that Gardner's trial was set for January 14, 1992. The court did not mail a copy of these documents to appellant.

Appellant failed to appear at the January 3 status conference; he claims that he never received, or did not timely receive, a copy of the notice from Mladenoff. On January 13, appellant moved to adjourn the jury trial scheduled for the following day. The court denied the motion.

Appellant failed to appear for trial as scheduled

at 8:30 A.M. January 14. Appellant, who lives in the Detroit area, states in his brief to this Court that he knew that trial was set for January 14 at 8:30 A.M. in Marshall, but that "the worst blizzard in more than a decade" prevented him from appearing. Appellant claims he telephoned the court at 7:30 A.M. and 8:30 A.M. that day to say he would not be there and received no answer. He states that he again called the court at 10:00 A.M. and was informed by the judge's secretary that Gardner's jury trial was adjourned and that appellant had been found in contempt of court. The circuit court subsequently entered an order holding appellant in contempt and assessing costs against him "in the amount of $507.69, this amount representing the cost to Calhoun County for calling in the jury panel and paying for its mileage." It is this contempt order from which appellant appeals.

The need for the judicial power to hold lawyers in contempt when they fail to appear for trial was explained in *People v Matish*, 384 Mich 568, 572; 184 NW2d 915 (1971), quoting *Arthur v Superior Court of Los Angeles Co*, 62 Cal 2d 404; 42 Cal Rptr 441; 398 P2d 777 (1965):

> "When an attorney fails to appear in court with his client, particularly in a criminal matter, the wheels of justice must temporarily grind to a halt. The client cannot be penalized, nor can the court proceed in the absence of counsel. Having allocated time for this case, the court is seldom able to substitute other matters. Thus, the entire administration of justice falters. Without judicious use of contempt power, courts will have little authority over indifferent attorneys who disrupt the judicial process through failure to appear."

See also *In re Hirsch*, 116 Mich App 233; 323 NW2d 349 (1982), modified on other grounds 413 Mich 943 (1982).

Nevertheless, an attorney who fails to appear at a scheduled trial is entitled to a hearing before a contempt order is entered. It is well settled in this state that an attorney's failure to appear in court on a hearing date is contempt committed outside the presence of the court. *In re Henry,* 25 Mich App 45, 53; 181 NW2d 64 (1970), citing *In re McHugh,* 152 Mich 505; 116 NW 459 (1908); *In re Hudnut,* 57 Mich App 351, 353; 225 NW2d 763 (1975), modified on other grounds 394 Mich 839 (1975). Contempt committed outside the immediate view and presence of the court is not subject to summary punishment, as occurred in this case. See MCL 600.1711(2); MSA 27A.1711(2). Instead, proceedings for contempt committed outside the presence of the court must be initiated pursuant to the procedure set forth at MCR 3.606. See *In re Henry, supra,* p 53 (citing GCR 1963, 760.1); and see generally 5 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), pp 184 ff. This requires the filing of an ex parte motion, supported by affidavits showing the facts on which the contempt charge is based, as well as a show-cause hearing at which the alleged contemnor is given an opportunity to defend the conduct at issue. See MCR 3.606(A)(1). Because appellant in this case was found in contempt without benefit of a properly initiated show-cause hearing, we remand to the circuit court for further proceedings as set forth in MCR 3.606(A)(1).

For purposes of remand, we briefly address appellant's further assertion, that the $507.69 in costs assessed against him in the court's contempt order was excessive. Appellant correctly notes that under MCL 600.1715(1); MSA 27A.1715(1) a contemnor may not be fined in excess of $250. However, the costs imposed on appellant in this case were not in the nature of a fine. Rather, they

represented a reimbursement to the county for its expenses incurred when appellant's absence forced the adjournment of Gardner's jury trial. MCL 600.1721; MSA 27A.1721 provides that if a contemnor's conduct "has caused an actual loss or injury to any person the court shall order the [contemnor] to pay such person a sufficient sum to indemnify him, in addition to the other penalties which are imposed upon the [contemnor]." "Person" applies to bodies politic and corporate, as well as to individuals. MCL 8.3-l; MSA 2.212(12). Thus, if on remand appellant is again found in contempt, he may properly be assessed costs to indemnify the county for calling in the jury panel and paying its mileage, in addition to any other penalties that may be lawfully imposed.

Remanded. We retain no further jurisdiction.