*In re* CONTEMPT OF BARNETT

Docket No. 204355. Submitted November 10, 1998, at Detroit. Decided December 15, 1998, at 9:10 A.M.

Marvin Barnett was summarily found to be in contempt in the Recorder's Court for the City of Detroit, Warfield Moore, Jr., J., and was sentenced to thirty days in jail. The alleged contemptuous conduct did not occur in the immediate view and presence of the judge. Barnett sought leave to appeal, requesting immediate consideration and a hearing before a different judge. The Court of Appeals granted Barnett's motion for immediate consideration and for a writ of habeas corpus, ordered his immediate release, and remanded the matter for a hearing before a different judge. *In re Barnett*, unpublished order of the Court of Appeals, entered June 12, 1997 (Docket No. 203941). On remand, Judge Geraldine Bledsoe Ford conducted a hearing and subsequently entered an order finding Barnett in contempt and sentencing him to thirty days in jail. The Court of Appeals granted Barnett's application for leave to appeal and motion for bond pending appeal and ordered him admitted to bail pending resolution of the appeal.

The Court of Appeals *held*:

Barnett's conduct did not occur in the immediate view and presence of Judge Moore. Therefore, he could not be summarily punished. Contempt proceedings should have been initiated through an ex parte motion supported by an affidavit of facts showing the alleged contemptuous conduct. Barnett specifically challenged the court's jurisdiction when he appeared for his contempt proceedings and did not waive his challenge to the absence of the ex parte motion supported by an affidavit of facts.

Reversed.

CONTEMPT — CONTEMPT NOT IN PRESENCE OF COURT — INITIATING ACTION.

Proceedings regarding alleged contempt committed outside the immediate view and presence of the trial court must be initiated through an ex parte motion supported by an affidavit of facts showing the alleged contemptuous conduct (MCR 3.606[A]).

*Law Offices of William L. Johnson* (by *William L. Johnson*), *Law Offices of Alicia A. Jones* (by *Alicia A. Jones*), and *Krystal W. Abbott,* for Marvin Barnett.

Before: Smolenski, P.J., and McDonald and Doctoroff, JJ.

Per Curiam. Appellant appeals by leave granted an order of Detroit Recorder's Court Judge Geraldine Bledsoe Ford finding him in contempt of court, MCL 600.1711(2); MSA 27A.1711(2). We reverse.

Initially, appellant was summarily found in contempt by Judge Warfield Moore, Jr., and was sentenced to thirty days in jail. However, appellant sought leave to appeal Judge Moore's contempt order. This Court granted appellant's motion for immediate consideration, granted his motion for a writ of habeas corpus, ordered his immediate release, and remanded for a hearing before a different Recorder's Court judge. *In re Barnett,* unpublished order of the Court of Appeals, entered June 12, 1997 (Docket No. 203941). The hearing was held before Judge Geraldine Bledsoe Ford, who subsequently entered an order finding appellant in contempt and sentencing him to thirty days in jail. Appellant then sought leave to appeal from Judge Ford's contempt order. This Court granted leave to appeal and also granted appellant's motion for bond pending appeal and ordered appellant admitted to bail pending resolution of this appeal.

The instant case arose out of events that occurred during the trial of a case before Judge Moore. Appellant, whose associate was acting as defense counsel in the case before Judge Moore, entered Judge Moore's courtroom during the prosecutor's question-

ing of a twelve-year-old witness. Appellant sat on a bench behind the defense table. Judge Moore, who, before appellant's entry, had warned the occupants of the courtroom not to make facial expressions or gestures during the questioning of the witness, repeated the warning to appellant because he noticed appellant rolling his eyes. A brief exchange occurred between appellant and Judge Moore, which ended when Judge Moore ordered appellant to leave the courtroom. Lawrence Morrow, the Wayne County Sheriff's deputy assigned to Judge Moore's courtroom, escorted appellant out of the courtroom. According to Morrow's testimony, appellant stated that he intended to create a disturbance when the jury came out of the courtroom. Appellant denied making the statement. When the jury and the judge left the courtroom for the lunch break, appellant made a comment to the judge to the effect that Judge Moore "should go to school because he needs an education."

When the jurors returned from lunch, they waited in the hallway outside the courtroom. Appellant was also in the hallway speaking to the family members of the defendant in the case being heard in Judge Moore's courtroom. Several jurors overheard appellant tell the defendant's family members, "[y]ou know what the judge is doing, you know he's trying to sway the jury." One of the jurors later testified that he believed appellant's remarks were intended to be heard by the jurors. One of the jurors informed Morrow of defendant's conduct, and Morrow relayed the information to Judge Moore.

Appellant first argues that Judge Moore erred in summarily issuing a contempt order where appellant's conduct did not occur in the immediate view and

presence of Judge Moore. However, Judge Moore's order summarily finding appellant in contempt was already found to be improper by this Court in the prior unpublished order entered June 12, 1997, and is not presently before this Court. Therefore, we will not address this issue.

Appellant next argues that he was denied a fair hearing, a reasonable opportunity to meet the charges, and the right to be advised of the alleged charges. We agree that appellant was denied a fair hearing because his contempt proceedings were not properly initiated. However, we disagree with appellant's other challenges to his contempt proceedings.

First, appellant argues that he was denied a fair hearing because Judge Moore handpicked Judge Geraldine Bledsoe Ford to preside over appellant's hearing to ensure that Judge Moore's finding of contempt would be affirmed. However, appellant offers absolutely no evidence to support this assertion and, as a result, this Court presumes that the proceedings were proper and that the trial court discharged its duties in a constitutional manner. *People v Purcell*, 174 Mich App 126, 129; 435 NW2d 782 (1989). Moreover, appellant waived this issue because he raised it for the first time on appeal. *People v Grant*, 445 Mich 535, 546; 520 NW2d 123 (1994).

Appellant next argues that Judge Moore's error in summarily punishing him for conduct that occurred outside Judge Moore's view and presence cannot be cured by any retroactive proceedings. However, appellant waived this issue on appeal because he failed to support his argument by citation of legal authority. *People v Rollins*, 207 Mich App 465, 468; 525 NW2d 484 (1994). Furthermore, this Court may

remand for further proceedings where a person has been found in contempt without the benefit of a properly initiated show cause hearing. *In re Contempt of McRipley,* 204 Mich App 298, 301; 514 NW2d 219 (1994).

Appellant next argues that he was denied a fair hearing because he did not have enough time to prepare for the hearing. When appellant applied for leave to appeal from Judge Moore's original contempt citation, he requested immediate consideration and a hearing before a different judge. On June 12, 1997, this Court granted appellant's motion for immediate consideration and ordered an immediate hearing before a different judge of the Recorder's Court. In his brief on appeal, appellant asserts that his hearing was originally scheduled for June 16, 1997, but that the hearing was adjourned until June 27, 1997. On June 27, 1997, appellant argued his motion to dismiss, but he did not request an adjournment. Because appellant did not raise this issue before the trial court, we will not consider it on appeal. *Grant, supra* at 546.

Finally, appellant argues that his contempt conviction should be reversed because his contempt proceedings were not properly initiated. As discussed above, appellant's conduct did not occur in the immediate view and presence of Judge Moore and, consequently, could not be summarily punished. *In re Contempt of Robertson,* 209 Mich App 433, 437-438; 531 NW2d 763 (1995). Because appellant's contempt proceedings were for contempt committed outside the immediate view and presence of the trial court, they should have been initiated through an ex parte motion supported by an affidavit of facts showing the

alleged contemptuous conduct. MCR 3.606(A); *Robertson, supra* at 438-439. An ex parte motion supported by an affidavit of facts was not filed in the instant case. Furthermore, appellant specifically challenged the jurisdiction of the trial court when he appeared for his contempt proceedings. Therefore, appellant did not waive his challenge to the absence of an ex parte motion supported by an affidavit of the facts. *In re Henry*, 25 Mich App 45, 52; 181 NW2d 64 (1970). The trial court's order of contempt should be reversed because appellant's contempt proceeding was not initiated properly and appellant did not waive the requirements of MCR 3.606. *Robertson, supra* at 438-439; *Henry, supra* at 52.

In light of our disposition of this issue, we need not reach appellant's final issue regarding whether his conduct was contumacious. However, on the basis of the evidence in the record, we note that appellant's conduct was reprehensible and went beyond all bounds of reasonableness. Appellant is an experienced attorney with knowledge of the judicial system. As an attorney, appellant had a duty to refrain from engaging in undignified or discourteous conduct toward the tribunal and conduct that is prejudicial to the administration of justice. MRPC 3.5(c), 8.4(c). An attorney as experienced as appellant surely knows the importance of maintaining the dignity of the judicial process and the danger of speaking about a case in a loud voice in a hallway full of jurors. We find appellant's behavior in this case to be totally unacceptable. Nevertheless, the procedural improprieties raised by appellant require reversal.

Reversed.