# STATE OF MICHIGAN

# COURT OF APPEALS

BROOKLYN GROUP, LLC,

        Plaintiff,

v

DAVISON PLAZA SHOPPING CENTER, INC.,

        Defendant-Appellant,

and

MICHAEL PIRZADEH,

        Defendant,

and

MK REALTY GROUP, LLC, doing business as
ERA DYNASTY,

        Defendant-Appellee,

and

YOUSSEF DAKROUB,

        Intervenor Appellee.

UNPUBLISHED
January 21, 2016

No.   323250
Wayne Circuit Court
LC No.   09-000881-CK

Before:  STEPHENS, P.J., and HOEKSTRA and SERVITTO, JJ.

PER CURIAM.

Defendant-appellant Davison Plaza Shopping Center, Inc. (Davison) appeals as of right an order granting intervenor appellee Youssef Dakroub's motion for relief from an earlier order against Dakroub.  Because the trial court properly granted Dakroub's motion for relief, we affirm.

Dakroub was the owner and resident agent of MK Realty Group, LLC, d/b/a ERA Dynasty.[1] This case originates with an earnest money deposit in the amount of $100,000, which was held in escrow by MK Realty Group pursuant to a real estate purchase agreement between Brooklyn Group, LLC and Davison. The sale fell through, at which time Brooklyn Group filed suit in 2009, seeking the return of the earnest money deposit. Neither Dakroub nor MK Realty Group was named as a party in 2009. Nonetheless, MK Realty Group was a party to the resulting settlement agreement. Specifically, the settlement called for MK Realty Group to distribute the $100,000 among various entities and individuals, including payment of $29,000 to Davison. As called for by the settlement agreement, MK Realty Group did provide a check to attorney Michael Williams in the amount of $29,000, which was to be held by Williams on behalf of Davison pending bankruptcy proceedings involving Davison's sole shareholder. Bankruptcy proceedings took several years, after which the check held by Williams was determined to be "stale" and Davison sought a replacement check from MK Realty Group.

In 2013, after the requested replacement check was not forthcoming, Davison filed a motion in the 2009 action to enforce the settlement agreement. Davison did not, however, seek to add either Dakroub or MK Realty as a party to the case. Moreover, the motion made no mention of Dakroub personally, but requested that the court order MK Realty Group to issue another check in the amount of $29,000. MK Realty responded to Davison's motion and attorney Tarek Baydoun entered an appearance on behalf of MK Realty Group. See MCR 2.117(B)(1). There was, however, no indication that Davison sought to hold Dakroub personally responsible for the return of the $29,000 at issue or that Dakroub was appearing in a personal capacity. As the owner and resident agent of MK Realty, Dakroub was deposed and questioned about the $29,000. Dakroub acknowledged that, in February of 2010, he moved the $29,000 from an escrow account to MK Realty's general account.

After Dakroub's deposition, the trial court held a hearing and subsequently entered an order against MK Realty and Dakroub, which required them to provide a replacement check to Davison. At the hearing on April 12, 2013, Baydoun objected repeatedly to the entry of an order against Dakroub personally, noting that Dakroub "is not a party to this action" and that he "was an officer of the corporation acting in his official capacity." Further, counsel asserted that "any action to collect against [Dakroub] should be stated and filed as an adversary proceeding." The trial court recognized that Dakroub was "not a party to this case" and, although the court noted that there was potentially criminal conduct involved, the court specified that it was "not making a determination as to whether or not Mr. Dakroub is personally responsible for this conversion." Nonetheless, the trial court concluded that an order should be entered against both MK Realty and Dakroub because Dakroub was the sole shareholder and president of MK Realty. An order against MK Realty and Dakroub entered on April 16, 2013.

Thereafter, in February of 2014, Davison sought a writ of garnishment against MK Realty and requested an order to seize property from Dakroub personally. Dakroub responded to

---

[1] MK Realty is apparently defunct and, at this time, Dakroub is purportedly operating Huma, LLC, d/b/a ERA Dynasty.

this request in a personal capacity as a "nonparty", asserting that the trial court's earlier order was void as it pertained to Dakroub because the trial court lacked personal jurisdiction over Dakroub given that he had never been named as a party or served in a personal capacity. At the same time, Dakroub filed a motion for relief from the April 16, 2013 order, similarly asserting that the order was void for lack of personal jurisdiction. Davison opposed Dakroub's motion and, relevant to Davison's arguments on appeal, Davison asserted that, although the trial court did not make a finding of contempt, "in reality, as everybody will acknowledge, [the trial court] was exercising its contempt powers" under MCL 600.1701 when it entered the order against Dakroub personally.

At a hearing on May 2, 2014, the trial court concluded that Dakroub should not have been personally included in the order. The trial court specified that Dakroub "never was a party to this" and there was no indication that Dakroub "consented or he went on the record or anything." In these circumstances, the trial court determined that there was no basis for entering an order against Dakroub personally and the trial court therefore entered an order removing Dakroub from the April 16, 2013 order. Davison filed a motion for reconsideration, which the trial court denied. Davison now appeals as of right.

On appeal, Davison concedes that Dakroub was never a party to the action. Davison also does not allege that Dakroub was ever served in a personal capacity, nor does Davison assert that Dakroub consented to the trial court's jurisdiction or otherwise waived the issue of personal jurisdiction. Nonetheless, Davison maintains that Dakroub, as MK Realty's sole shareholder, played an important role in the settlement agreement and that, given Dakroub's conduct pertaining to the $29,000, the trial court had authority to enter an order against Dakroub personally by virtue of the trial court's inherent contempt powers under MCL 600.1701. In these circumstances, Davison argues that the trial court abused its discretion by granting Dakroub's motion for relief from judgment.

This Court reviews a trial court's decision on a motion for relief from an order or judgment for an abuse of discretion. *Peterson v Auto Owners Ins Co*, 274 Mich App 407, 412; 733 NW2d 413 (2007). "A court abuses its discretion when its decision is outside the range of principled outcomes." *Wolf v Mahar*, 308 Mich App 120, 128; 862 NW2d 668 (2014) (quotation marks and citation omitted). "The legal question of whether a court possesses personal jurisdiction over a party is . . . reviewed de novo." *Yoost v Caspari*, 295 Mich App 209, 219; 813 NW2d 783 (2012).

On the facts of this case, where it is undisputed that Dakroub was never a party and that he was never served in a personal capacity, it seems plain that the trial court did not obtain personal jurisdiction to enter a judgment against Dakroub, meaning that the April 16, 2013 order against Dakroub was void for lack of jurisdiction and Dakroub's motion for relief from judgment was properly granted under MCR 2.612(C)(1)(d). See *Workers' Comp Agency Dir v MacDonald's Indus Prods, Inc*, 305 Mich App 460, 477; 853 NW2d 467 (2014); *Abbott v Howard*, 182 Mich App 243, 247; 451 NW2d 597 (1990). Insofar as Davison emphasizes Dakroub's status as MK Realty's sole shareholder, the fact remains that MK Realty is a legally separate entity from Dakroub. See *Rymal v Baergen*, 262 Mich App 274, 293; 686 NW2d 241 (2004). And, if Davison wished to proceed against Dakroub personally for the return of the

$29,000 at issue, it had an obligation to follow the proper procedures to obtain a judgment against Dakroub. See *Green v Ziegelman*, 282 Mich App 292, 304; 767 NW2d 660 (2009).

There is also no merit to Davison's assertion that the trial court's judgment against Dakroub personally was justified by the trial court's contempt powers. Quite simply, even if the court could have used its contempt powers to enter a judgment against Dakroub, Davison did not request contempt proceedings, and the court did not indicate, in its April 16, 2013 order, that it was holding Dakroub in contempt. Contempt proceedings involving contempt committed outside the immediate view and presence of the court—such as the acts of contempt alleged by Davison on appeal—must be initiated by an ex parte motion supported by affidavits, or other proofs, at which time the court shall either order the accused person to show cause or issue a bench warrant for the arrest of the person. MCR 3.606(A); *Porter v Porter*, 285 Mich App 450, 459-460; 776 NW2d 377 (2009). In a civil contempt proceeding in particular, "the accused must be accorded rudimentary due process, i.e., notice and an opportunity to present a defense, and the party seeking enforcement of the court's order bears the burden of proving by a preponderance of the evidence that the order was violated." *Porter*, 285 Mich App at 456-457. Contempt proceedings not properly initiated are considered invalid. See *In re Contempt of Barnett*, 233 Mich App 188, 193; 592 NW2d 431 (1998). Given these procedural requirements, there is absolutely no basis on the record before us to order reinstatement of the trial court's judgment against Dakroub on the basis of "contempt" when contempt proceedings were never initiated, in any manner, by Davison against Dakroub and the trial court never made a finding of contempt.[2]

Affirmed. Having prevailed in full, Dakroub may tax costs pursuant to MCR 7.219.

/s/ Cynthia Diane Stephens
/s/ Joel P. Hoekstra
/s/ Deborah A. Servitto

---

[2] We note that, on appeal, Dakroub requests sanctions under MCR 7.216(C)(1) against Davison for filing a vexatious appeal. Dakroub makes this request in his brief without filing a motion as required by MCR 7.211(C)(8). Consequently, Dakroub's request is denied without prejudice to his ability to later file a motion as permitted under MCR 7.211(C)(8).