# STATE OF MICHIGAN

# COURT OF APPEALS

ERIC S. GLABACH,

        Plaintiff-Appellee,

v

MARGARET A. MICHEL,

        Defendant-Appellant.

UNPUBLISHED
April 26, 2018

No. 338334
Livingston Circuit Court
LC No. 11-045007-DC

Before: BORRELLO, P.J., and SHAPIRO and TUKEL, JJ.

PER CURIAM.

Defendant, Margaret Michel, appeals the circuit court's order that found her in criminal contempt for failing to follow various provisions of the court's prior orders. The circuit court sentenced defendant to a suspended jail sentence of 45 days, which would be purged upon a successful completion of one year of probation. We vacate defendant's conviction and sentence.

## I. BASIC FACTS

Defendant's conviction for criminal contempt stems from a civil custody case that was filed on June 24, 2011, between plaintiff, Eric Glabach, and defendant. The parties had one child together, GG, who was born on February 16, 2010. The parties never were married to each other.

During the course of that custody case, the parties entered into a consent order. The order stated, in pertinent part, the following:

> **THIS MATTER** being before the Court upon the consent of the parties hereto, by and through their respective attorneys, having agreed to the following; the Court being otherwise fully advised in the premises;
>
> **NOW, THEREFORE, IT IS HEREBY ORDERED:**
>
> 1. The parties will engage in counseling services with Susana Schaad, M.A., L.L.M.F.T. (or Lynne P. Lande, M.S.S., D.C.S.W., if counselor Schaad is not available) at Samaritan Counseling Services 2890 Carpenter Road, Suite 1600, Ann Arbor, Michigan; telephone: (*734-677-0609*); for family and communication therapy[.]

-1-

2. The parties will, <u>within seven (7) days of the entry of this order,</u> contact the therapist to schedule the therapy. The parties will thereafter cooperate in meeting with the family therapist to develop a method of effective communication.

The attorneys for defendant and plaintiff signed the order, approving it as to form and waiving notice of entry. The circuit court thereafter signed the order on April 25, 2016. On May 2, 2016, plaintiff's counsel served the order on defendant's counsel by placing true copies of the order in the mail box.[1]

On June 9, 2016, plaintiff filed a motion for an order for defendant to show cause why she should not be held in contempt of court for failing to comply with the April 25, 2016 order. Specifically, the motion alleged that as of June 3, 2016, defendant had not contacted the therapist as directed in the order.

On June 14, 2016, the referee at the friend of the court held a hearing regarding a prior motion that plaintiff had filed on February 10, 2016. In that prior motion, plaintiff moved to modify custody and for an order to show cause. Regarding the show cause portion of the motion, plaintiff alleged that defendant violated several provisions of an order entered on June 23, 2014, and another order entered on June 18, 2015.[2] The referee noted in his report that at the time of the hearing, the parties came to a resolution, which incorporated the recommendations from the friend of the court, with a further review to take place in July. The referee also noted that the parties approved the consent order, which adopted the referee's recommendations for 2016 summer parenting time. The approved consent order was signed by the circuit court later that day. The very next day, on June 15, 2016, the circuit court entered an order, which required defendant to appear at the court on July 7, 2016, to show why she should not be held in contempt of court.[3] Later, the hearing was removed from the docket at the request of plaintiff. The notes in the register of actions indicate that the matter was to be reviewed at the end of July with the referee.

On July 25, 2016, the referee again held a hearing related to plaintiff's February 10, 2016 motion. The referee's report indicates that at the time of the hearing, the parties arrived at a

---

[1] The record shows that plaintiff's counsel, for unexplained reasons, again mailed copies of the order to defendant's counsel on May 7, 2016.

[2] Related to the June 18, 2015 order, plaintiff alleged that defendant violated the provision that "provides for telephone contact," the provision that "restricts both parents from talking ill of the other to the child," and the provision that required certain acts be done with respect to GG's passport. Related to the June 23, 2014 order, plaintiff alleged that defendant violated the provision of the order that requires defendant to use the child's legal name when enrolling him in certain activities.

[3] The order does not specify which motion by plaintiff the trial court was relying on when it ordered defendant to show cause.

settlement as to the pending issues before the Court, with a further review hearing scheduled for November. However, no order was ever entered related to this purported settlement.

For reasons not apparent from the record, no review hearing happened in November. But a hearing did occur in December with a different referee. The referee recommended that plaintiff amend his February 10, 2016 motion to modify custody and for order to show cause such that the issues become bifurcated, resulting in one motion for custody and another motion for show cause. The circuit court signed the referee's proposed order on January 17, 2017.

Consistent with the court's January 17 order, plaintiff filed a motion to hold defendant in criminal contempt of court. The motion alleged that defendant "has willfully disregarded and continues to violate this court's clear orders (including consent orders)." In paragraph 6 of his motion, plaintiff alleged the following instances of defendant's noncompliance:

- Defendant willfully did not comply with the provision of the April 25, 2016 order, which required the parties to contact a counselor within seven days from entry of the order.

- Defendant did not comply with the June 14, 2016 order, which required her to engage in individual therapy with Joshua Erlich.

- Defendant did not comply with the June 14, 2016 order, which required defendant to email plaintiff each day regarding "details of the minor child."

- Defendant did not comply with the provision of the June 14, 2016 order, which required defendant to only use the child's legal name.

- Defendant did not comply with the provision of the June 14, 2016 order, which prohibited her from enrolling GG in new activities without plaintiff's agreement.

- Defendant disregarded the provision that affords both parties joint legal custody by failing to communicate regarding GG's medical and insurance information.

- Defendant disregarded the summer parenting time schedule in the June 14, 2016 order, where she did not adhere to the set time frame.

There were no attached affidavits to the motion, but the motion was signed by plaintiff with a declaration that the statements contained therein were true to the best of his information, knowledge, and belief.

On February 14, 2017, the circuit court held a hearing, which defendant attended, and ordered defendant to appear on March 2, 2017, to show cause why she should not be held in criminal contempt. At the March 2 hearing, after listening to testimony from plaintiff and plaintiff's wife, Meghan Glabach, the circuit court found defendant in contempt of court. The court found that defendant violated the April 25, 2016 order when she failed to contact the listed therapist within seven days of the order's entry. The court also found that defendant violated the June 14, 2016 order when she (1) never participated with therapist Joshua Erlich, (2) did not e-mail plaintiff at the end of each parenting day with GG, (3) "allowed" GG to use her last name

instead of his proper last name, and (4) enrolled GG in extracurricular activities without getting plaintiff's permission beforehand.[4] The circuit court then sentenced defendant to a year of probation and a suspended sentence of 45 days in jail, which would be nullified upon successful completion of the one-year probationary term.

## II. STANDARDS OF REVIEW

This Court reviews a circuit court's decision regarding a motion for contempt for an abuse of discretion. *DeGeorge v Warheit*, 276 Mich App 587, 591; 741 NW2d 384 (2007). Moreover, we review a court's factual findings for clear error, but we review questions of law, including the proper interpretation of a court rule and court order, de novo. *Porter v Porter*, 285 Mich App 450, 454-455; 776 NW2d 377 (2009); *Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 460; 750 NW2d 615 (2008); *Wilcoxon v Wayne Co Neighborhood Legal Servs*, 252 Mich App 549, 553; 652 NW2d 851 (2002).

## III. LACK OF AN AFFIDAVIT FOR PETITION

Defendant argues that reversal is required because the proceedings were fatally deficient because they did not comport with MCR 3.606(A), which requires an affidavit to accompany the petition for contempt. This Court interprets court rules using the same principles that govern the interpretation of statutes. *Ligons v Crittenton Hosp*, 490 Mich 61, 70; 803 NW2d 271 (2011). Consequently, "[o]ur goal when interpreting and applying . . . court rules is to give effect to the plain meaning of the text. If the text is unambiguous, we apply the language as written without construction or interpretation." *Id.*

MCR 3.606(A) provides as follows:

For a contempt committed outside the immediate view and presence of the court, on a proper showing on ex parte motion supported by affidavits, the court shall either

(1) order the accused person to show cause, at a reasonable time specified in the order, why that person should not be punished for the alleged misconduct; or

(2) issue a bench warrant for the arrest of the person.

This Court in *In re Contempt of Barnett*, 233 Mich App 188, 193; 592 NW2d 431 (1998), held that the failure to initiate contempt proceedings with an ex parte motion supported by affidavits renders the proceedings deficient and any subsequent conviction is void, which necessarily requires reversal. Here, it is undisputed that the proceedings were initiated by a verified motion with no affidavits. The circuit court, when addressing this issue at the March 2,

---

[4] The court, however, acquitted defendant of violating the provision that required her to act in accordance with the parties' joint legal custody arrangement and the provision that required her to return GG by 9:00 p.m. on her weekday parenting nights during the summer.

2017 contempt hearing, stated that a verified motion "suffice[s] for an affidavit." We disagree. As already indicated, court rules are to be interpreted in accordance with their plain language. Although both a verified motion and an affidavit are signed, an affidavit is nevertheless not a verified motion. Indeed, as this Court has previously explained:

> [T]he requirements regarding the form of verification for a pleading and the form of an affidavit are significantly different. For example, a pleading may be verified merely by the declaration that the statements in the pleading are true and accurate to the best of the signer's information, knowledge and belief, MCR 2.114(A)(2)(b),[5] whereas an affidavit filed in support of a motion must be made on personal knowledge, stating with particularity facts admissible as evidence establishing the grounds stated in the motion and showing affirmatively that the affiant, if sworn as a witness, can testify competently to the facts stated in the affidavit, MCR 2.119(B)(1). [*Miller v Rondeau*, 174 Mich App 483, 487; 436 NW2d 393 (1988).]

Additionally, the court rules clearly indicate in other places where a verified motion is required. See, e.g., MCR 2.105(I)(2); MCR 3.210(B)(3). If the Supreme Court had intended to allow for verified complaints or verified motions in the initiation of contempt proceedings, it would have used that express language. See *United States Fidelity & Guar Co v Mich Catastrophic Claims Ass'n*, 484 Mich 1, 14; 795 NW2d 101 (2009) (stating that when different words are used in two different provisions, "the words are generally intended to connote different meanings"); *Honigman Miller Schwartz & Cohn LLP v Detroit*, ___ Mich App ___; ___ NW2d ___ (2018) (Docket No. 336175); slip op at 3.

However, the failure to initiate proceedings with an ex parte motion and accompanying affidavits would not require reversal if defendant had consented to jurisdiction of the circuit court, thereby waiving any challenge based on " 'irregularities in initiating the proceedings.' " *In re Henry*, 25 Mich App 45, 51; 181 NW2d 64 (1970) (citation omitted); see also *In re Contempt of Barnett*, 233 Mich App at 193 (noting that the appellant did not waive his challenge to the absence of an ex parte motion supported by an affidavit when he challenged the court's jurisdiction when he appeared at the contempt proceedings). It is important to recognize that although the *In re Henry* and *In re Barnett* Courts did not specify which type of jurisdiction (personal or subject-matter) that the appellants needed to challenge to prevail on their claims, it is clear that personal jurisdiction is the one implicated. "It is a fundamental principle that defects in personal jurisdiction may be waived, whereas subject-matter jurisdiction may not be waived and may be raised at any time." *People v Richards*, 205 Mich App 438, 444; 517 NW2d 823 (1994) (quotation marks and citation omitted).

Although a court may lack personal jurisdiction over an alleged contemnor, a person waives any challenge to jurisdiction through acquiescence "by voluntarily appearing *and* defending against the charge." 17 CJS, Contempt, § 134 (emphasis added). We reject plaintiff's

---

[5] Now codified as MCR 2.114(B)(2)(b).

argument that defendant waived objections or consented to personal jurisdiction. Plaintiff claims that although he had previously filed numerous verified motions seeking to hold defendant in criminal contempt at the trial court, defendant never objected to those motions. But plaintiff does not explain how a failure to object to *prior motions*—which did not result in any criminal contempt proceeding—is relevant when defendant did object to *the instant motion*. Moreover, we hold that defendant did not consent to personal jurisdiction when she appeared at the February 14, 2017 hearing. At the February 14 hearing, the trial court said that it was "essentially . . . arraigning" defendant and explained the allegations against her and advised her of her rights, which included the right to appointed counsel. See MCR 6.104(E) (describing criminal arraignment procedure, which includes, *inter alia*, informing accused of the nature of the offense charged and of the right to an attorney). Defendant acknowledged that she would require appointed counsel, and the court said it would appoint one. Notably, at this hearing, defendant did not defend against the charges. Indeed, MCR 6.104 even prohibits a court from questioning the accused about the alleged offense or requesting that the accused enter a plea. After counsel was appointed, counsel raised the issue of the defect in the contempt motion at the first available opportunity, which was at the March 2 hearing. Accordingly, we hold that defendant did not consent to personal jurisdiction.[6]

Therefore, because there was a jurisdictional defect in the contempt proceedings and because defendant did not waive her challenge to the court's jurisdiction over her, we vacate defendant's conviction and sentence.

---

[6] We note that under Michigan law, a criminal arraignment is not a critical stage in the criminal proceeding in which the right to counsel attaches. *People v Green*, 260 Mich App 392, 400; 677 NW2d 363 (2004), overruled on other grounds *People v Anstey*, 476 Mich 436 (2006); *People v Horton*, 98 Mich App 62, 72; 296 NW2d 184 (1980).

Because an arraignment is not a critical stage in the criminal proceeding, we conclude that it is not possible for a defendant to waive any defenses simply by appearing at an arraignment. That is because if it were possible for a defendant to waive the right to challenge any defects in the initiation of the contempt proceedings by failing to raise the issue at this arraignment, then this would work to transform the arraignment into a critical stage in the criminal proceedings. See *Hamilton v Alabama*, 368 US 52, 53-54; 82 S Ct 157; 7 L Ed 2d 114 (1961) (holding that because a defendant in Alabama could only raise certain defenses at arraignment, or else they are "irretrievably lost," the arraignment necessarily was a critical stage in a criminal proceeding in that state). And because the right to counsel attaches at all critical proceedings, *People v Collins*, 298 Mich App 458, 470; 828 NW2d 392 (2012), defendant would have been entitled to counsel *at* the arraignment, which she did not have. Consequently, assuming defendant could be held to have waived any challenge to personal jurisdiction at her contempt arraignment by failing to raise it, reversal nonetheless would be required because counsel was not available to her at the arraignment. Indeed, one of the purposes of an arraignment is to apprise the accused that she has the right to counsel and that counsel can be appointed if the accused cannot afford one. MCR 6.104(E)(2), (3).

## IV. OTHER ISSUES THAT MAY ARISE AFTER OUR RESOLUTION

Because we are vacating defendant's criminal contempt conviction, we could decline to address defendant's other issues on appeal. See *Mich Nat'l Bank v St Paul Fire & Marine Ins Co*, 223 Mich App 19, 21; 566 NW2d 7 (1997) ("An issue is moot if an event has occurred that renders it impossible for the court, if it should decide in favor of the party, to grant relief."). However, because of the contentious history of the parties, we will address defendant's other issues because they are likely to come up in the future between the parties.

### A. WAS CONTEMPT PROCEEDING BARRED DUE TO SETTLEMENT?

Defendant also argues that the circuit court erred when it permitted the contempt proceeding to go forward, despite the fact that the matter already had been purportedly settled between the parties. We disagree. Whether an action is barred as a result of settlement or on the basis of the doctrine of res judicata are questions of law that we review de novo. See *Adair v State*, 470 Mich 105, 119; 680 NW2d 386 (2004).

Defendant claims that the instant contempt proceedings were barred because the parties settled plaintiff's allegation of contempt. Defendant relies on the following language in a report made by the friend of the court's referee on July 25, 2016:

> At the time of the [July 25, 2016] hearing, the parties arrived at a settlement as to the pending issues before the Court with a further review hearing in November 2016. [Defendant's attorney] placed the agreement of the parties on the record. [Defendant's attorney] will prepare the Order adopting the agreement of the parties and circulate the order for approval in compliance with MCR 3.215. The Plaintiff-Father and Defendant-Mother consented to the terms of the settlement which was placed on the record.

However, notably, no order was entered related to this settlement.[7] Indeed, there is nothing in the record to show what the terms of this "settlement" were.[8] Thus, without knowing the terms of any such settlement, it is impossible to ascertain if the settlement encompassed an agreement to not proceed on the pending contempt motion.[9] Accordingly, there is insufficient evidence to show that plaintiff was barred from pursuing the contempt proceeding against

---

[7] In her brief on appeal, defendant incorrectly claims that *plaintiff* failed to provide an order resulting from the July 25, 2016 hearing, but the report clearly shows that it was *defendant's* obligation to provide the order.

[8] Notably, defendant has failed to provide to this Court the transcript of the July 25, 2016 hearing, contrary to MCR 7.210(B)(1)(a).

[9] Recall that at the time of the July 25, 2016 report, there was not a separate motion for contempt. But the issue of contempt had been raised, along with the issue of custody, in a February 20, 2016 motion. As already explained, the circuit court would later order plaintiff to bifurcate his issues and to file a separate motion for show cause, which plaintiff did.

defendant. Defendant's reliance on the fact that a "settlement agreement existed" misses the point, as there is no information related to the contents of that purported settlement.

Defendant also claims that the doctrine of res judicata acts to bar the contempt proceedings,[10] but her reliance on that doctrine is misplaced as well. Res judicata bars the relitigation of subsequent claims. *Bd of Co Rd Comm'rs for Eaton Co v Schultz*, 205 Mich App 371, 375-376; 521 NW2d 847 (1994). For res judicata to apply and bar a subsequent action, (1) the first action must have been decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter contested in the second case was or could have been resolved in the first. *Adair v State*, 470 Mich 105, 121; 680 NW2d 386 (2004). Here, the threshold element of there being a prior action that was decided on the merits is missing. There was no contempt proceeding that was resolved prior to the proceeding at issue on appeal. Instead, defendant points to the purported July 25, 2016 settlement agreement, but, regardless of the contents of that agreement, the agreement did not represent a culmination of an action that was decided on the merits.

B. INTERPRETATION OF ORDER

Finally, defendant argues that the circuit court erred when it determined that she violated a provision of the April 25, 2016 order. We disagree.

In plaintiff's motion for contempt, he alleged that defendant did not contact a counselor within the prescribed time limits that were imposed by the circuit court's April 25, 2016 order. The order provided, in pertinent part:

1. The parties will engage in counseling services with Susana Schaad, M.A., L.L.M.F.T. (or Lynne P. Lande, M.S.S., D.C.S.W., if counselor Schaad is not available) at Samaritan Counseling Services 2890 Carpenter Road, Suite 1600, Ann Arbor, Michigan; telephone: (*734-677-0609*); for family and communication therapy[.]

2. The parties will, <u>within seven (7) days of the entry of this order,</u> contact the therapist to schedule the therapy. The parties will thereafter cooperate in meeting with the family therapist to develop a method of effective communication.

The circuit court found beyond a reasonable doubt that defendant failed to contact the listed counselor within seven days of the order's entry. The court noted that the order was entered on April 25, which meant that defendant had until May 2 to make the requisite contact.

---

[10] Defendant's brief on appeal also refers to the doctrine of collateral estoppel, but she also concedes that "collateral estoppel cannot apply here." Consequently, we need not address collateral estoppel.

Defendant does not argue that the circuit court erred when it determined that defendant did not make contact by May 2. Instead, defendant argues that the circuit court erred when it counted seven days from the date of the order's entry, as opposed to from the date the order was served on her. Here, the circuit court's order is plain and unambiguous—both parties were required to contact the listed therapist within seven days of the order's *entry*. It does not state that the parties had seven days after the order was *served* on them to contact the therapist. An order is entered upon the court signing it. See MCR 2.602(B). There is a distinct difference between an order being entered and when it is served on a party. And the order shows on its face that it was signed, and therefore entered, on April 25, 2016.[11] Accordingly, defendant's argument that the seven-day window should have commenced from the date she was served with the order, instead of when the order was entered, is without merit.

To the extent defendant argues that her due process rights were violated based on a lack of notice, that argument is unavailing. The record shows that defense counsel signed the April 25, 2016 consent order and waived notice of entry before the circuit court signed it. Thus, defendant was fully aware of the order's content, aware that its entry was imminent, and waived notice of entry.

We vacate defendant's conviction and sentence.

/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro
/s/ Jonathan Tukel

---

[11] The fact that the order was not filed with the clerk's office until April 27 is of no consequence.

-9-